IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JESSICA MARIE GIBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>AIRCO INDUSTRIAL SERVICES, LLC; et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 4:25-cv-22 |

## **O R D E R**

Before the Court is a "Notice of Voluntary Dismissal With Prejudice," signed by Plaintiff, who is proceeding *pro se*, and signed, stipulated to, and filed by counsel for Defendant Airco Industrial Service, LLC, ("AirCo Industrial"), in which Plaintiff states that she voluntarily dismisses her claims and causes of action against Defendant AirCo Industrial with prejudice. (Doc. 15.) An individual named Kyle McCormick was listed as "Defendant No. 1" in Plaintiff's form-driven Complaint and he has filed an Answer in the case, (see doc. 7), yet the caption on the Notice of Voluntary Dismissal does not reference him (and instead refers to AirCo Industrial as the sole Defendant), (doc. 15).[1] Additionally, there is no statement in the Notice of Voluntary Dismissal regarding whether McCormick stipulates to the dismissal of Airco Industrial. (Id.) (Indeed, McCormick is not referenced at all in the filing.)

In a recent filing in response to the Magistrate Judge's Order that the parties show cause for their failure to hold a scheduling conference, Defendant AirCo Industrial did not include

---

[1] Another individual, Ray Shearin, was listed as "Defendant No. 2" on Plaintiff's Complaint. (Doc. 1, p. 2.) He has not filed an answer or otherwise appeared in this action. Accordingly, there is no requirement that he stipulate to the dismissal of the case or of the claims against any specific Defendant(s). See Fed. R. Civ. P. 41(a)(1)(A)(ii).

McCormick as a Defendant in the caption and stated in a footnote that "[i]t was unclear until the parties' Rule 26(f) Conference whether Plaintiff intended to sue AirCo Industrial Services, LLC alone or AirCo Industrial Services, LLC, Kyle McCormick, and Ray Shearin.  Plaintiff has now clarified that she did not intend to name Kyle McCormick or Ray Shearin individually as defendants to this action."  (Doc. 11, p. 1 n.1.)  Several days later, the parties filed a Rule 26(f) Report which indicates in numerous places that "the sole intended defendant to this action is AirCo Industrial Services, LLC" and that "[t]he parties accordingly intend to seek Defendant Kyle McCormick's dismissal from this action."  (Doc. 13, p. 2; see also id. at p. 3, 6, 16.)  The parties have not, however, filed any document stipulating to—or seeking a Court order for—the dismissal of McCormick.  As he has appeared in the case through the filing of an Answer and Plaintiff has not specifically moved for or requested his dismissal (or filed an Amended Complaint dropping him as a Defendant), the Court finds that McCormick remains a party in this case.  As such, the Notice of Voluntary Dismissal must indicate that he stipulates to the dismissal of AirCo Industrial.  Additionally, some action must be taken in order for McCormick (and Shearin) to be dismissed from the case.  Accordingly, the Court **DIRECTS** the Clerk of Court to **TERMINATE as moot** the "Notice of Voluntary Dismissal with Prejudice," (doc. 15).

    **SO ORDERED**, this 31st day of July, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA